ARCHER & GREINER, P.C.
1211 Avenue of the Americas, Suite 2750
New York, New York 10036
Tel: (212) 682-4940
Allen G. Kadish
Harrison H.D. Breakstone
Email:  akadish@archerlaw.com
        hbreakstone@archerlaw.com

*Counsel for Street Level LLC,*
*Debtor and Debtor-in-Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x

In re:                                            Chapter 11

STREET LEVEL LLC,                                 Case No. 20-12464 (JLG)

                    Debtor.

----------------------------------------------------------x

## DEBTOR'S MOTION FOR AN
## ORDER DISMISSING CHAPTER 11 CASE

TO THE HONORABLE JAMES L. GARRITY JR.,
UNITED STATES BANKRUPTCY JUDGE:

        STREET LEVEL LLC, debtor and debtor-in-possession (the "**Debtor**"), by its counsel,

Archer & Greiner, P.C., hereby moves this Court for entry of an order, substantially in the form

attached as Exhibit 1 (the "**Proposed Order**"), dismissing the Debtor's chapter 11 case pursuant

to section 1112(b) or 305(a) of title 11 of the United States Code (the "**Bankruptcy Code**") and

Rule 1017(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), as set

forth below.  In support of this Motion, the Debtor respectfully represents as follows:

### PRELIMINARY STATEMENT

        1.      Since its inception in 2008, the Debtor has leased and operated a premier event

venue in New York City named "Hudson Mercantile" (the "**Venue**"), located at located at 500

West 36th Street (a/k/a 465 Tenth Avenue), New York, New York 10018 (the "**Building**"). The Venue is a collection of three unique indoor and outdoor event spaces, consisting of a ground floor gallery space, a sixth floor large studio space and a rooftop.

2.     The Debtor sought protection under chapter 11 of the Bankruptcy Code in order to address several issues; one key issue was to account for the uncertainty presented by the State Court Litigation, where the developer of the adjacent property seeks physical access to the Building where the Venue is located, and especially to the rooftop, in such a way which threatened to preclude the Debtor's use of its rooftop for events and to imperil its make-or-break rooftop event market. The parties have conducted intense negotiations and have agreed to a protocol for construction such as to minimize interference with the Debtor's premises, taking into account the practical realities of the construction project, to the satisfaction of the Debtor and all the parties to the dispute. Now that the State Court Litigation[1] has been resolved in such a way that the Debtor can bear the Debtor seeks to dismiss this chapter 11 case.

## RELIEF REQUESTED

3.     By this motion, the Debtor seeks an order of the Court dismissing the Debtor's case pursuant to section 1112(b) or 305(a) of the Bankruptcy Code and Bankruptcy Rule 1017(a).

## BACKGROUND

4.     On October 19, 2020 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under Chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtor continues to operate and manage its business as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.     No trustee, examiner or committee has been appointed in this case.

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Lift Stay Motion (defined below).

6.      Further information regarding the Debtor's business operations, capital and debt structure, and the events leading to this chapter 11 case, is set forth in the *Declaration Pursuant to Local Bankruptcy Rule 1007-2* [Docket No. 5], dated October 19, 2020, which is adopted herein.

7.      On October 19, 2020, the Debtor filed the *Debtor's Motion for an Order Relieving Automatic Stay to the Extent Necessary to Permit Continuation of State Court Litigation* [Docket No. 6] (the "**Lift Stay Motion**"). This motion sought relief from the automatic stay to the extent necessary to allow the State Court Litigation to continue until resolution but not enforcement in any way that would impair the Debtor's rights and interests as lessee of the Building.

8.      On October 19, 2020, the Debtor filed the *Debtor's Motion for Entry of Interim and Final Orders Authorizing Debtor to (i) Continue Use of Existing Cash Management System; and (ii) Obtain Post-Petition Unsecured Financing by Continuing Ordinary Course Intercompany Transactions* [Docket No. 7]. This motion sought authorization to allow the Debtor to continue to continue certain inter-company transactions with its sister company in the ordinary course of business.

9.      On November 17, 2020, 451 Tenth Avenue LLC filed its *Objection to Debtor's Motion for an Order Relieving Automatic Stay to the Extent Necessary to Permit Continuation of State Court Litigation* [Docket No. 21]. Attached thereto is an order from the State Court (the "**State Court Order**") that provides that the State Court Litigation is "resolved as moot since the parties have settled this proceeding."

## JURISDICTION, VENUE AND STATUTORY PREDICATES

10.     This Court has jurisdiction herein pursuant to 28 U.S.C. §§ 157(b)(2)(A) and 1334.

11.     Venue of this case and this Motion is proper in this district pursuant to 28 U.S.C. § 1408.

12.     The statutory predicates for the relief sought herein are section 305(a) or 1112(b) of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 1017, 2002 and 9013.

**BASIS FOR RELIEF**

13.     Section 1112(b) of the Bankruptcy Code provides, in relevant part:

> [O]n request of a party in interest, and after notice and a hearing, absent unusual circumstances specifically identified by the court that establish that the requested…dismissal is not in the best interests of creditors and the estate, the court shall…dismiss a case…if the movant establishes cause.

14.     Section 1112(b)(4) enumerates sixteen examples of "cause." These enumerated examples of "cause," however, are not exhaustive and the court is free to find other cause for dismissal under equitable grounds. *See C-TC 9th Avenue Partnership v. Norton Company (In re C-TC 9th Avenue Partnership)*, 113 F.3d 1304, 1311 (2d Cir. 1997) ("It is important to note that this list is illustrative, not exhaustive."); *In re Syndicom Corporation*, 268 B.R. 26, 48 (Bankr. S.D.N.Y. 2001) ("It is well established, consistent with the plain meaning of [section 1112(b)], that the circumstances following the 'including' in each statutory provision are not exclusive.").

15.     Here, "cause" within the meaning of section 1112(b) exists because there is a "risk of substantial or continuing loss to or diminution of the estate." As a result of an agreement between all parties, the State Court Litigation has been resolved by the State Court Order, and the Debtor now has clarity with regard to the risks presented by the State Court Litigation. Therefore, rather than pay the attendant costs of the bankruptcy case the Debtor seeks dismissal in order to allow the agreement to be implemented quickly and construction to go forward pursuant to the agreed terms on an expedited basis.

16.     Further, "cause" within the meaning of section 1112(b) exists because dismissal is in the best interest of all parties and no party will be prejudiced by the dismissal.

17.　　The Debtor believes dismissal is now in its best interest since the State Court Litigation has been resolved. Such resolution has alleviated a key threat to its business and provided the Debtor with the necessary clarity to plan for and continue its future operations.

18.　　Without the uncertainty of the State Court Litigation the Debtor can sufficiently operate its business and organize its finances such that the chapter 11 case is not necessary. Accordingly there is no longer a continuing bankruptcy purpose for the Debtor's chapter 11 case.

19.　　Upon dismissal, all creditors' claims and interests shall remain as they were pre-petition. The Debtor has no secured creditors. There is approximately $690,000 of unsecured claims total. Of the unsecured claims, approximately $450,000 is owed to the Debtor's landlord and a combined $91,000 is owed to the Debtor's sister company or principal, all the entities are parties to the settlement agreement. Additionally, there have been two claims filed in the case on account of approximately $3,600 in tax claims. Therefore, no creditors will be prejudiced by the dismissal of this chapter 11 case.

20.　　Alternatively, section 305(a) of the Bankruptcy Code permits the dismissal of a chapter 11 case at any time if the interests of the debtor would be better served by dismissal. "[S]ection 305 is reserved for those rare occasions when both the creditors generally and the debtor itself are better served by dismissal or suspension." 2 Collier on Bankruptcy ¶305.01[1] (Alan N. Resnick & Henry J. Sommer eds., 15th ed. rev.).

21.　　Dismissal under Section 305(a) requires that both creditors and debtors benefit from the dismissal, rather than applying a simple balancing test to determine whether dismissal is appropriate. *See In re Globao Comunicacoes e Participacoes S.A.*, 317 B.R. 235, 255 (Bankr. S.D.N.Y. 2004).

22.     Courts generally consider seven factors in determining whether to dismiss under section 305(a)(1) of the Bankruptcy Code:

> (1) the economy and efficiency of administration; (2) whether another forum is available to protect the interests of the parties; (3) whether federal proceedings are necessary to reach a just and equitable solution; (4) whether there is an alternative means of achieving an equitable distribution of assets; (5) whether the debtor and creditors can do an out-of-court work out; (6) whether a non-federal insolvency proceeding is far advanced; and (7) the purpose for which the bankruptcy jurisdiction has been sought.

*In re RCM Global Long Term Capital Appreciation Fund, Ltd.*, 200 B.R. 514, 525 (Bankr.S.D.N.Y. 1996).

23.     Here, economy and efficiency favor dismissal as the Debtor's case is still in its infancy and the State Court Litigation has been dismissed by the State Court Order.   All parties have reached an agreement that will allow the business to continue to operate during construction on an agreed protocol without the additional layer of uncertainty at issue in the State Court Litigation.

24.     For the reasons previously set forth herein, dismissal is not only in the interest of the Debtor, but in the interests of the creditors.

25.     All accrued and unpaid fees due by the Debtor to the Office of the United States Trustee through dismissal of the case would be promptly paid.

## **CONCLUSION**

26.     For the above reasons, the Debtor submits that there is sufficient cause to dismiss the case.[2]

27.     No previous request for the relief sought herein has been made to this or any other court.

---

[2] To the extent the case is to be dismissed the Lift Stay Motion would be withdrawn as moot.

**WHEREFORE**, the Debtor respectfully requests that the Court enter an order substantially in the form of the Proposed Order submitted herewith, (i) dismissing the Debtor's chapter 11 case and (ii) granting the Debtor such other and further relief as this Court may deem just and proper.

Dated: New York, New York
      November 19, 2020

ARCHER & GREINER, P.C.

By:    s/ Allen G. Kadish
     Allen G. Kadish
     Harrison H.D. Breakstone
1211 Avenue of the Americas, Suite 2750
New York, New York 10036
Tel: (212) 682-4940
Email: akadish@archerlaw.com
       hbreakstone@archerlaw.com

*Counsel for Street Level LLC,*
*Debtor and Debtor-in-Possession*